## APPEAL OF ROY E. CRUMMER.

Docket No. 3008.   Submitted November 25, 1925.   Decided April 22, 1926.

Profit on sale of an undivided interest in a partnership for shares of stock in a corporation determined.

*H. W. Washington, Esq.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner determined a deficiency in income tax for the calendar year 1919 in the amount of $13,266.73. That portion of the deficiency in dispute arises from the Commissioner's method of computing the gain derived from the sale by petitioner of an undivided interest in a partnership for stock in a corporation.

### FINDINGS OF FACT.

The petitioner was from 1911 to 1919 a member of the copartnership of D. E. Dunne & Co., and from January, 1919, to May 15, 1919, he was a member of the firm of Brown-Crummer Co., a copartnership. On May 16, 1919, he became vice president of the Brown-Crummer Co., a corporation, which position he still holds.

The firm of D. E. Dunne & Co. started business as a municipal bond house in July, 1897, and continued in business under that name until January 2, 1919. Petitioner is a nephew of D. E. Dunne, and in 1911 was given by the latter a one-half interest in the partnership of D. E. Dunne & Co. Thereafter, the partnership continued to operate with Crummer and Dunne as equal partners until January 2, 1919, when Dunne disposed of his interest therein to Warren E. Brown.

In January, 1919, Brown purchased from Dunne the latter's interest in the partnership of D. E. Dunne & Co., consisting of the good will and going business, for which he paid $50,000 in cash. Immediately thereafter, there was formed the copartnership of Brown-Crummer Co., in which each held a one-half interest. Brown at the same time contributed $100,000 in cash to the new partnership and Crummer contributed his one-half interest in the business and cash or securities of the value of $100,000. The business continued until May 15, 1919, during which period Crummer disposed of a portion of his interest in the partnership so that on May 15, 1919, he held an undivided 44⅛ per cent interest in the copartnership of Brown-Crummer Co. During the period from January 2, 1919, to May 15, 1919, the business earned profits in the amount of $6,111.43.

On May 16, 1919, petitioner and Brown and other members of the copartnership conveyed their interests therein to Brown-Crummer Co., a corporation. The value of the stock received in exchange for the partnership assets was $314,629.89, and the value of the stock received by the petitioner was 44⅛ per cent of that amount.

The business was operated under the name of D. E. Dunne & Co. from 1897 to October, 1911, the principal owner during this period being D. E. Dunne. In October, 1911, Dunne transferred a one-half interest in the business to petitioner, but before doing so distributed all of the earnings and money invested in the business so that D. E. Dunne & Co. started operations with no assets other than the name, good will, and office equipment theretofore used in the business.

For some years prior to 1909 and 1910, J. E. Dunne, an uncle of D. E. Dunne, owned a one-fourth interest in the partnership of D. E. Dunne & Co. He had invested in the business $25,000, with the understanding that he would receive interest at the rate of 6

per cent on the money so invested and an additional interest in the profits. His interest in the business was purchased in 1909 or 1910 by D. E. Dunne, who at that time repaid the $25,000, gave by way of interest $7,500, and in addition J. E. Dunne was paid $12,500, making a total of $45,000. The partnership of D. E. Dunne & Co. had made profits between the years 1897 and 1909 of approximately $160,000. The business continued to be operated successfully and was making money on March 1, 1913, and continued as a profitable venture to January, 1919, when Dunne sold his interest to Warren E. Brown.

#### OPINION.

ARUNDELL: The petitioner does not dispute the taxability of the profit from the transaction whereby he sold his undivided interest in the copartnership of Brown-Crummer Co. to the corporation of the same name for stock. The point of disagreement is the cost of petitioner's undivided interest in the partnership of Brown-Crummer Co. The Commissioner has used as a basis $100,000, which petitioner paid in to the partnership in cash or securities of that value. Petitioner contends that in addition he paid in to the partnership his one-half interest in the going business and good will of D. E. Dunne & Co. and that the March 1, 1913, value of that interest must be added to his cost in determining the basis on which gain or loss is to be computed. The good will in the partnership of D. E. Dunne & Co. cost Crummer nothing, but was a gift from his uncle, and we are unable to determine the March 1, 1913, value in question from the meager facts in evidence. We can not on the evidence presented fix a value, nor are we persuaded that any value in fact existed. No records were produced showing the earnings of the partnership either before or subsequent to March 1, 1913, and such figures as were testified to were given as estimates and approximations. The value of good will in a partnership can not be determined on such evidence, and on the facts as they appear in the record we are constrained to approve the Commissioner's determination.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

*H. W. Washington, Esq.,* for the taxpayer.
*Arthur J. Seaton, Esq.,* for the Commissioner.