*56 OPINION.
Arundell:
The petitioner does not dispute the taxability of the profit from the transaction whereby he sold his undivided interest in the copartnership of Brown-Crummer Co. to the corporation of the same name for stock. The point of disagreement is the cost of petitioner’s undivided interest in the partnership of Brown-Crum-mer Co. The Commissioner has used as a basis $100,000, which petitioner paid in to the partnership in cash or securities of that value. Petitioner contends that in addition he paid in to the partnership his one-half interest in the going business and good will of D. E. Dunne & Co. and that the March 1, 1913, value of that interest must be added to his cost in determining the basis on which gain or loss is to be computed. The good will in the partnership of D. E. Dunne & Co. cost Crummer nothing, but was a gift from his uncle, and we are unable to determine the March 1, 1913, value in question from the meager facts in evidence. We can not on the evidence presented fix a value, nor are we persuaded that any value in fact existed. No records were produced showing the earnings of the partnership either before or subsequent to March 1, 1913, and such figures as were testified to were given as estimates and approximations. The value of good will in a partnership can not be determined on such evidence, and on the facts as they appear in the record we are constrained to approve the Commissioner’s determination.
Order of redetermination will ~be entered on 15 days’ notice, under Rule 50.